UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 1 2 2009
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DANIEL J. GOMEZ, | * | CIV. 09-4142 |
| Plaintiff, | * | |
| vs. | * | REPORT and RECOMMENDATION |
| NICHOLAS A. DAVIS, Police Officer, North Sioux City P.D., South Dakota; MELISSA LARSON, Clerk of Court, Elk Point; DEPUTY PALMER, North Sioux City P.D.; JERRY A. MILLER, Prosecuting Attorney for Elk Point, Union County, South Dakota; | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the Mike Durfee State Penitentiary (MDSP) in Springfield, South Dakota. He filed this *pro se* civil rights law suit pursuant to 42 U.S.C. § 1983, seeking punitive damages for the violation of his Fourth Amendment rights and wrongful incarceration. Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915 on September 29, 2009. To date, Petitioner has paid $24 of the $350 filing fee. *See* Doc. 9.

The Court has, as it must, "screened" Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons more fully explained below, it is recommended to the District Court that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

**PRELIMINARY MOTIONS**

Pending are three Motions to Amend/Correct Plaintiff's Complaint. *See* Docs. 10, 11, and 12. Those motions are GRANTED and the contents are considered for purposes of screening Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court has also considered Plaintiff's Supplement (Doc. 14) for screening purposes.

Also pending are two Motions to Appoint Counsel. *See* Docs. 8 and 13. "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request

for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Plaintiff alleges state actors violated his Fourth Amendment rights when they approached him in a parking lot at 6:40 a.m, made inquiry about his identity and arrested him on an outstanding arrest warrant that specified it was to be executed during the daytime hours. He further alleges that as a result of his illegal arrest, and a series of events which subsequently occurred (including his violation of probation conditions) the sentence he is currently serving in the South Dakota State Penitentiary is invalid and/or incorrect.

This case is not legally complex. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

"The Fourth Amendment's central requirement is one of reasonableness." *United States v. Varner*, 481 F.3d 569, 571 (8th Cir. 2007) (punctuation altered, citations omitted). The existence or absence of a warrant is usually relevant to the reasonableness inquiry, but the Fourth Amendment does not require a warrant for every search or arrest. *Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008). Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter. The court would not benefit from the assistance of counsel at this point in the proceedings. Plaintiff, although incarcerated, is able to investigate the facts of his claim. The legal issues involved do not appear to be legally complex at this point in the proceedings. Considering all the relevant factors, as discussed above, and upon the record to-date, it is determined that it is not necessary to appoint counsel for Plaintiff.

## BACKGROUND

Plaintiff filed this § 1983 lawsuit seeking redress for what he perceives as a wrongful execution of a warrant for his arrest. He does not dispute that on June 7, 2008, there was a valid

2

warrant for his arrest for passing checks for insufficient funds. At approximately 6:40 a.m. on that date, however, Plaintiff alleges he pulled into a Pronto gas station parking lot when Defendant Palmer inquired about his identity, "ran his name" and discovered the outstanding warrant. Plaintiff asserts the outstanding warrant was a "daytime only" warrant pursuant to South Dakota law. Defendant Palmer contacted Defendant Larson (who is apparently the Clerk of Court and a Magistrate Judge). Defendant Larson verbally changed the terms of the warrant to " nighttime warrant" and Defendant Davis placed Plaintiff under arrest.[1] After Plaintiff bonded out of jail on the underlying charge, he violated the terms of his bond and was arrested for failure to appear--resulting in an additional (escape) charge. As a result of plea negotiations, most of the charges were dismissed and Plaintiff is currently serving jail time on the escape charge only. He asserts, however, that the sentence on the escape charge (1) stems from the Fourth Amendment violation and (2) has been calculated incorrectly.

## **DISCUSSION**

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted). A plaintiff "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. at 1965. *See also, Abdullah v. Minnesota,* 2008 WL 283693 (Feb. 4, 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum,* 44 F.3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very

---

[1] The attachments to Plaintiff's Supplement (Doc. 14) reference separate drug crimes for which Plaintiff was prosecuted and which cite June 7, 2008 as the date of occurrence. It is unknown whether these crimes were discovered as a result of the early morning arrest on the insufficient funds warrant.

3

least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Plaintiff's Complaint is carefully considered.

### 1. Plaintiff's Fourth Amendment Claim Fails to State a Claim Upon Which Relief May be Granted

Plaintiff bases his Fourth Amendment claim upon his assertion that he was arrested at 6:40 a.m. He does not dispute the validity of the outstanding warrant for his arrest for passing checks against insufficient funds but rather that his arrest pursuant to that warrant violated the Fourth Amendment because it was a "daytime" warrant which was executed at "night."

SDCL § 23A-2-10 provides: "A warrant issued for a felony my be executed on any day, at any time of the day or night. A warrant issued for a misdemeanor shall not be executed at night unless an authorization for a night arrest is endorsed on the warrant by the committing magistrate." The definition of "day" versus "night" is not found in the statute itself, but the South Dakota Criminal Procedure Appendix of Forms, Form 2, which references the above-cited statute, defines "daytime" as 8:01 a.m. to 7:59 p.m. (copy attached).

Plaintiff has not provided a copy of the warrant for his arrest which was outstanding on June 7, 2008. Giving him the benefit of every doubt, it is assumed: (1) the warrant was issued using the standard South Dakota form for misdemeanor offenses; and (2) the warrant was orally modified by the magistrate judge (Defendant Larson) when Defendant Palmer inquired about Plaintiff's identity upon seeing him in the Pronto parking lot; (3) Plaintiff was arrested when Defendant Palmer learned Plaintiff's identity and obtained oral permission from Defendant Larson to execute the warrant during "night time" hours. Assuming for the sake of argument that this procedure violated South Dakota law, Plaintiff nevertheless failed to state a claim upon which relief may be granted.

"Violations of state law do not state a claim under § 42 U.S.C. 1983. Section 1983 guards and vindicates federal rights alone." *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (citations omitted). The pertinent question, therefore, is not whether the Defendants violated state law but

4

whether their actions were "reasonable" under the Fourth Amendment. *United States v. Varner*, 481 F.3d 569, 571 (8th Cir. 2007). Plaintiff asserts they were not because (1) he was arrested pursuant to an otherwise valid warrant at 6:40 a.m.; and (2) the officers inquired about his identity without probable cause.

### A. An Arrest Pursuant to A Warrant at 6:40 a.m. is Constitutionally Reasonable

"Section 1983 guards and vindicates federal rights alone." *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (citations omitted). The federal statute which pertains to arrest warrants is Fed. R. Crim P. 41. That rule defines a "daytime" warrant as "the hours between 6:00 a.m. and 10:00 p.m. according to local time." Fed. R. Crim. P. 41(a)(2)(B). The Eighth Circuit has rejected the argument that this definition of "daytime" is unconstitutional. *United States v. Keene*, 915 F.2d 1164, 1168 (8th Cir. 1990). Plaintiff's 6:40 a.m. arrest, therefore, is constitutionally reasonable, even assuming (without deciding) it violated state law. Plaintiff's Fourth Amendment claim fails as a matter of law.

### B. Officer Palmer Did Not Violate the Constitution by Inquiring About Plaintiff's Identity

In *Hiibel v. Sixth Judicial Circuit Court of Nevada, Humboldt Cty,* 542 U.S. 177, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004), the Supreme Court observed that a police officer may inquire about a person's identity without offending the Fourth Amendment. *Id.* 542 U.S. at 185, 124 S.Ct. at 2457. "In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment . Interrogation relating to one's identity or a request for identification by police does not, by itself, constitute a Fourth Amendment seizure. . . . The ability to briefly stop a suspect, ask questions, or check identification in the absence of probable cause promotes the strong government interest in solving crimes and bringing offenders to justice." *Id,* 542 U.S. at 185-86, 124 S.Ct. at 2458. Plaintiff's assertion that Defendant Palmer violated Plaintiff's Fourth Amendment rights when Palmer "investigated" him by "running his name" in the absence of probable cause fails as a matter of law.

### 2. Plaintiff's Claim is Actually a Habeas Corpus Claim, Not a § 1983 Claim

Finally, Plaintiff asserts his current incarceration is wrongful (Doc. 1). He explains in his supplement (Doc. 14) that after his probation was revoked, the release date on his re-imposed

5

suspended sentence was miscalculated, resulting in an incorrect release and/or parole date. It is not entirely clear, but it appears Plaintiff may have a state habeas corpus petition pending. Plaintiff asserts he has "filed a motion with courts that sentenced him" to modify/correct his sentence. This portion of Plaintiff's claim is actually a habeas corpus claim, not a § 1983 claim. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Plaintiff's claim that he is wrongly incarcerated is clearly a challenge to the "very fact or duration" of his imprisonment. As such, his sole remedy is a writ of habeas corpus.

In *Heck v. Humphrey*, 114 S.Ct. 2364, 512 U.S. 477, 129 L.Ed.2d 383 (1994), the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* 114 S.Ct. at 2372, 512 U.S. at 486-87. The doctrine of exhaustion prescribes that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Mellot v. Purkett*, 63 F.3d 781, 784 (8th Cir. 1995) (*citing Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982)). The purpose of exhaustion is not to create a procedural hurdle on the way to federal habeas court, but to "channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Mellot* at 784 *citing Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). This § 1983 claim, therefore, is premature because there is no final state or federal habeas which has reversed or declared Petitioner's conviction invalid.

**The Filing Fee**

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re:*

6

*Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed. *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The filing fees paid, therefore, will not be refunded to the Plaintiff and he remains responsible for payment of the entirety of the fee.

### CONCLUSION, RECOMMENDATION AND ORDER

A careful review of Plaintiff's Complaint and the relief he seeks leads to the conclusion that he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. It is therefore respectfully **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, it is **ORDERED**:

(1) Plaintiff's filing fees paid to date will not be refunded and he remains responsible for the balance of the $350 fee;

(2) It is **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** with prejudice.

Dated this 12 day of November, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
By: Summer Wahfield, Deputy
(SEAL)

### NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)