
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DANIEL J. GOMEZ, | CIV. 09-4142 |
| Plaintiff, | |
| vs. | |
| | OPINION AND ORDER |
| NICHOLAS A. DAVIS, Police Officer, North Sioux City P.D., South Dakota; MELISSA LARSON, Clerk of Court, Elk Point; DEPUTY PALMER, North Sioux City P.D.; JERRY A. MILLER, Prosecuting Attorney for Elk Point, Union County, South Dakota; | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983. The Magistrate Judge issued a Report and Recommendation recommending that the Complaint be dismissed for failure to state a claim upon which relief can be granted.

The Court has reviewed the file including the Report and Recommendation and Plaintiff's Objections to the Report and Recommendation. Plaintiff pointed out that according to his complaint, the arrest was at 1:40 a.m. not 6:40 a.m. It appears that the reason the Report and Recommendation had thought the time was 6:40 rather than 1:40 was because it was difficult to read the first figure in the handwritten complaint. However, it is assumed for purposes of this *de novo* review that the arrest was 1:40 a.m.

The dismissal recommended by the Report and Recommendation is still adopted and Plaintiff's Complaint is dismissed without prejudice for failure at this time to state a claim. This

Court does interpret the lawsuit to be a § 1983 claim for damages and not a habeas corpus claim even though in some respects the complaint could be interpreted to be a habeas corpus claim. Even if this complaint was to be construed as a habeas claim, it would be subject to dismissal for failure to exhaust state remedies. With the case ultimately being construed as a § 1983 claim, the discussion in the first paragraph of page 6 of the Report and Recommendation is applicable.

In *Heck v. Humphrey*, 114 S.Ct. 2364, 512 U.S. 477, 129 L.Ed.2d 383 (1994), the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* 114 S.Ct. at 2372, 512 U.S. at 486-87. The doctrine of exhaustion prescribes that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Mellot v. Purkett*, 63 F.3d 781, 784 (8th Cir. 1995) (*citing Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982)). The purpose of exhaustion is not to create a procedural hurdle on the way to federal habeas court, but to "channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Mellot* at 784 *citing Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). This § 1983 claim, therefore, is premature because there is no final state or federal habeas which has reversed or declared Petitioner's conviction invalid.

No opinion is stated at this time as to whether or not the arrest was unconstitutional under either state or federal law.

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed. *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The filing fees paid, therefore, will not be refunded to the Plaintiff and he remains responsible for payment of the entirety of the fee.

Plaintiff has also filed a variety of documents since the Report and Recommendation was filed, and those documents further demonstrate that Plaintiff intends the claim to be a claim under 42 U.S.C. § 1983. In those subsequent documents Plaintiff has also asked to amend the complaint. The proposed amendments would not change the ruling in this case and the leave to amend is denied. Plaintiff's request for court-appointed counsel is also denied. Plaintiff has counsel for his current state proceedings.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's Objections (Doc. 19) are OVERRULED but the Report and Recommendation (Doc. 15) is not adopted except as stated above.

2. Plaintiff's complaint is dismissed, without prejudice, for failure to state a claim upon which relief can be granted.

3

3. Plaintiff remains responsible for payment of the balance of the $350.00 filing fee.

4. Plaintiff's Motion to Amend Complaint (Doc. 20) is DENIED.

5. Plaintiff's Motion to Serve Summons and Complaint (Doc. 26) is DENIED.

6. Plaintiff's Motion to Extend Time to Serve Summons and Complaint (Doc. 28) is DENIED.

7. Plaintiff's Motion to Stay Proceedings (Doc. 31) is DENIED.

Dated this 22nd day of December, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: _____, Deputy
(SEAL)